UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD EUGENE MALLORY, # 142119,

    Plaintiff,

v.

                                                  Case Number 2:19-CV-11951
                                                  HONORABLE LAURIE J.
                                                  MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

WILLIAM P. BARR, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

Plaintiff Donald Mallory is a prisoner in the custody of the Michigan Department of Corrections. Upon review of Mallory's case and his litigation history in the federal courts, the Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The Prisoner Litigation Reform Act of 1995 states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), provides prisoners the ability to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

1

Mallory has not paid the $350.00 filing fee or the $ 50.00 administrative fee. Instead, Mallory asks to proceed without prepayment of fees.

But a prisoner is not allowed to proceed without prepayment of fees "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke*, 966 F. Supp. at 539.

A review of federal court records indicates that Mallory has at least three strikes and likely four.

*Strike One*. In *Mallory-Bey v. Mulvaney*, the court determined that "Plaintiff's exhausted claims against Defendant Hutchins fail to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)." No. 1:03-cv-00529, slip op. at 10 (W.D. Mich. Feb. 27, 2004). Although some of the claims were also dismissed without prejudice due to Mallory's failure to exhaust his administrative remedies, *see id.* at 8, "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007).

2

*Strike Two*. In *Mallory v. Obama, et. al.*, No. 1:15-cv-1090, 2015 WL 7722034, at *2 (W.D. Mich. Nov. 30, 2015), the court determined "that Plaintiff's action will be dismissed as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)."

*Strike Three*. In *Mallory v. Sessions*, the court "agree[d] with the magistrate judge's thorough and well-reasoned analysis that Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Rule 8." No. 17-CV-12021, 2018 WL 3862792, at *1 (E.D. Mich. Aug. 14, 2018). This case counts as a strike even though it was dismissed in part under Rule 12(b)(6). *See Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013) ("Section 1915(g)'s language was clearly modeled after Rule 12(b)(6), and dismissals pursuant to that rule count as a strike.").

*Strike Four*. *Mallory v. Sessions* arguably counts as two strikes (bringing the total to four). An appellate court's affirmance of a district court's dismissal of a prisoner civil action counts as a separate strike, for purposes of 28 U.S.C. § 1915(g), so long as the appellate court implicated § 1915(g) in affirming the district court's dismissal. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 494 (6th Cir. 2012); *see also Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) (per curiam); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) (per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). This includes cases in which the appellate court found a prisoner's action to be frivolous but "erroneously styles its dismissal as an affirmance." *Taylor*, 508 F. App'x at 495 n.5.

Although the United States Supreme Court has yet to explicitly hold that an appeal from the dismissal of a civil rights case can count as a separate strike, the Court's language and reasoning on a similar issue strongly suggests that a district court's dismissal of a prisoner complaint for being frivolous, malicious, or for failing to state a claim and the subsequent affirmance of that dismissal by a court of appeals should count as separate strikes, for purposes of 28 U.S.C. § 1915(g). In *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015), the Supreme Court observed, "Linguistically speaking, we see nothing about the phrase 'prior occasions' [within the language of § 1915(g)] that would transform a dismissal into a dismissal-plus-appellate-review. An 'occasion' is 'a particular occurrence,' a 'happening,' or an 'incident.'" *Id.* at 1763 (quoting Webster's 3d New Int'l Dictionary 1560 (3d ed. 1993)). The Supreme Court also noted that "The *in forma pauperis* statute repeatedly treats the trial and appellate stages of litigation as distinct." *Id.* at 1763.

In Mallory's 2018 case, the Sixth Circuit Court of Appeals denied Mallory permission to proceed *in forma pauperis* on appeal, finding that the appeal would not be in good faith because there would there was "no arguable basis on which to challenge" the district court's decision to dismiss his action for being frivolous. Mallory was ordered to pay the $505.00 appellate filing fee. *Mallory v. Whitaker*, No. 18-2043 (6th Cir. Dec. 28, 2018). (The appeal was ultimately dismissed when Mallory failed to pay the filing fee. *Mallory v. Whitaker*, No. 18-2043, 2019 WL 1153441 (6th Cir. Feb. 6, 2019).) As the Sixth Circuit apparently concluded that Mallory's appeal of *Mallory v. Sessions* was frivolous, Mallory likely has a fourth strike within the meaning of 28 U.S.C. § 1915(g). *See Taylor*, 508 F. App'x at 494–95 & n. 5.

Turning to § 1915(g)'s exception to the three-strike rule, Mallory has not alleged any facts which would establish that he is in imminent danger of serious physical injury. *See* (ECF No. 1); *Gresham v. Meden*, No. 18-1911, — F.3d —, 2019 WL 4458807, at *2 (6th Cir. Sept. 18, 2019).

In short, Mallory has at least three strikes and so his complaint is subject to dismissal pursuant to § 1915(g). Mallory may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. Mallory's *in forma pauperis* status is DENIED and his complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g). It is further ORDERED that any appeal would not be in good faith.

SO ORDERED.

Dated: September 30, 2019

                                               s/Laurie J. Michelson_____
                                               LAURIE J. MICHELSON
                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 30, 2019.                  s/Erica Karhoff_____

                                               Case Manager to
                                               The Honorable Laurie J. Michelson